IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PBN NEWS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. : **03CV02494** |
| ) | |
| **UNITED STATES** ) | **(RJL)** |
| **DEPARTMENT OF DEFENSE,** ) | |
| **FOIA UNIT, and COL ROBERT** ) | |
| **CLINTON MORRIS,** ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Defendants, through undersigned counsel, hereby answer plaintiff's complaint as follows:

### FIRST DEFENSE

The "FOIA Unit" and "COL Robert Clinton Morris" are not proper party defendants under the Freedom of Information Act ("FOIA").

### SECOND DEFENSE

To the extent that FOIA requests are subjects of this lawsuit, disclosure of such information is not required and/or permitted to the extent that the requests implicate information protected from disclosure by one or more statutory exemptions pursuant to FOIA and/or the Privacy Act.

In response to the complaint's numbered paragraphs, Defendants hereby admit, deny and otherwise aver as follows:

1

1. Defendants admit only that plaintiff's complaint is styled as an action for relief under the Freedom of Information Act ("FOIA"), but deny the remaining allegations in paragraph 1.

2. Plaintiff's jurisdictional allegations of paragraph 2 require no response, insofar as an answer is deemed necessary, defendants admit.

3. Defendants admit only that plaintiff is the requestor of the records in this case, but defendants lack sufficient knowledge or information to either admit or deny the remaining allegations in paragraph 3.  To the extent that a response is deemed necessary, it is denied.

4. Defendants admit only that the Department of Defense is an agency of the United States, but deny the remaining allegations of paragraph 4.

5. Defendants admit only that the U.S. Army Special Operations Command employs a FOIA officer, but deny the remaining allegations in paragraph 5.

6. Defendants assert that only federal departments and agencies are proper party defendants in FOIA litigation.  This rule derives from the plain language of the Act, which vests the district courts with jurisdiction to enjoin "the agency" from withholding records.  5 U.S.C. 552(a)(4)(B).  As such, Colonel Morris is not a proper defendant and therefore, all allegations as they relate to activities of Colonel Morris are immaterial or impertinent to the FOIA request that is the subject of this complaint and should be stricken.  To the extent a response is required defendants admit first sentence. Defendants deny second sentence.  Defendants admit that this FOIA request, which is the subject of this complaint, does not seek any records that relate to Colonel Robert Morris' criminal investigation.

7. Defendants lack sufficient knowledge or information to admit or deny whether plaintiff sent the referenced documents contained in plaintiff's Exhibit A to defendants as alleged in paragraph 7. To the extent a response is deemed necessary, defendants deny. Defendants deny the remaining allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8, except that to the extent this paragraph characterizes the contents of the documents contained in plaintiff's Exhibit B, defendants refer to those documents for a complete and accurate statement of their contents.

9. Defendants admit the allegations in paragraph 9, but aver that at least one conversation occurred between plaintiff and the U.S. Army Special Operations Command FOIA office.

10. Defendants admit the allegations in the first sentence of paragraph 10. To the extent this paragraph characterizes the contents of the documents contained in plaintiff's Exhibit C, defendants refer to those documents for a complete and accurate statement of their contents. Defendants deny the remaining allegations in this paragraph.

11. Defendants admit only that the documents in plaintiff's Exhibit C placed defendants on notice of plaintiff's intent to litigate, but refer to those documents for a complete and accurate statement of their contents. Defendants deny the remaining allegations of paragraph 11.

12. Defendants assert that only federal departments and agencies are proper party defendants in FOIA litigation. This rule derives from the plain language of the Act, which vests the district courts with jurisdiction to enjoin "the agency" from withholding records. 5 U.S.C. 552(a)(4)(B). As such, Colonel Morris is not a proper defendant and

therefore, all allegations as they relate to activities of Colonel Morris are immaterial or impertinent to the FOIA request that is the subject of this complaint and should be stricken. Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 12, but to the extent a response is deemed necessary, defendants deny.

13. Defendants assert that only federal departments and agencies are proper party defendants in FOIA litigation. This rule derives from the plain language of the Act, which vests the district courts with jurisdiction to enjoin "the agency" from withholding records. 5 U.S.C. 552(a)(4)(B). As such, Colonel Morris is not a proper defendant and therefore, all allegations as they relate to activities of Colonel Morris are immaterial or impertinent to the FOIA request that is the subject of this complaint and should be stricken. Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 13, but to the extent a response is deemed necessary, defendants deny.

14. Defendants assert that only federal departments and agencies are proper party defendants in FOIA litigation. This rule derives from the plain language of the Act, which vests the district courts with jurisdiction to enjoin "the agency" from withholding records. 5 U.S.C. 552(a)(4)(B). As such, Colonel Morris is not a proper defendant and therefore, all allegations as they relate to activities of Colonel Morris are immaterial or impertinent to the FOIA request that is the subject of this complaint and should be stricken. Defendants lack sufficient knowledge or information to either admit or deny the allegations in paragraph 14, but to the extent a response is deemed necessary, defendants deny.

15. Defendants assert that only federal departments and agencies are proper party defendants in FOIA litigation. This rule derives from the plain language of the Act, which vests the district courts with jurisdiction to enjoin "the agency" from withholding records. 5 U.S.C. 552(a)(4)(B). As such, Colonel Morris is not a proper defendant and therefore, all allegations as they relate to activities of Colonel Morris are immaterial or impertinent to the FOIA request that is the subject of this complaint and should be stricken. To the extent a response is deemed necessary, defendants admit that Colonel Morris' computer was secured by the Fort Benning Command on or about July 25, 2003. Defendants deny Colonel Morris computer is being currently held by the Staff Judge Advocate Office at Fort Benning. Defendants defer to the document contained in plaintiff's Exhibit D for a complete and accurate statement of its contents. Defendants cannot respond to plaintiff's assertion that plaintiff expects to amend his complaint.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny each allegation not expressly admitted or qualified above.

## PRAYER FOR RELIEF

Defendants deny Plaintiff is entitled to any relief and pray for judgment in their favor, including all relief the Court deems just and proper.

Respectfully submitted,

_____
ROSCOE C. HOWARD, JR.,
D.C. Bar #246470
United States Attorney

_____
MARK E. NAGLE,
D.C. BAR #416364
Assistant United States Attorney

_____
CLAES H. LEWENHAUPT
Special Assistant United States Attorney
Judiciary Center Building, Room 10-413
555 4th Street, N.W.
Washington, D.C.  20001
(202) 353-9895

6

## CERTIFICATE OF SERVICE

      I certify that on April 5, 2004, I served Defendants' Answer upon Plaintiff by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

Mr. Ed Caraballo
PBN News
P.O. Box 22
Fayetteville, NC 28302-0022

*Pro se*

                                                    _____
CLAES H. LEWENHAUPT
Special Assistant United States Attorney
Judiciary Center Building, Room 10-413
555 4th Street, N.W.
Washington, D.C. 20001
(202) 353-9895