## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PBN NEWS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. Civ-1:03CV02494 (RJL)** |
| | ) | |
| **DEPARTMENT OF DEFENSE** | ) | |
| **et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

### DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY,
### <u>MOTION FOR SUMMARY JUDGMENT</u>

Comes now defendants, through undersigned counsel, pursuant to Fed. R. Civ. Pro. 12(b)(6) and Rule 56, to move for dismissal, or alternatively, for summary judgment. A memorandum in support of this motion, a statement of material facts to which there is no genuine dispute, the Declaration of Ms Faye C. Wrench, FOIA Officer (DEX 1) and its attached exhibits A through Y, and the letter to plaintiff on April 5, 2004, with the FOIA release (DEX 2) are attached in support of this motion.

Respectfully submitted,


ROSCOE C. HOWARD, JR. D.C. Bar #246470
United States Attorney

_____
MARK E. NAGLE, D.C. Bar #416364
Assistant United States Attorney

_____
CLAES H. LEWENHAUPT
Special Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-9895

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PBN NEWS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. Civ-1:03CV02494 (RJL) |
| | ) | |
| DEPARTMENT OF DEFENSE | ) | |
| et al. | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT

### I.  INTRODUCTION

Plaintiff, a pro se complainant, brought suit requesting injunctive relief pursuant to the Freedom of Information Act, 5 U.S.C. 552 et seq., requesting this Court to order the production of agency records which plaintiff alleges defendant has improperly withheld from him pursuant to his four written FOIA requests.  The Army responded to plaintiff's four FOIA requests and produced over two-hundred pages of responsive documents.  The Army redacted and withheld some documents from release pursuant to several applicable FOIA exemptions and provided plaintiff with an agency declaration and Vaughn Index accounting for the same.  Despite numerous attempts to contact plaintiff and assess plaintiff's satisfaction with the Army's FOIA response, counsel for defendants have been unable to reach him telephonically for comment. Accordingly, defendants file this motion.

The Court should dismiss this case for three reasons: (1) the Army has not improperly withheld agency records from the plaintiff; (2) plaintiff has not exhausted his administrative remedies with respect to two of his four FOIA requests (USASOC FOIA #03-83 and #03-84)

because – he has not responded to the Army's written fee estimate for the production of responsive phone records; and (3) although its response exceeded the statutory time limits mandated under FOIA, the Army conducted a reasonable search and released documents responsive to plaintiff's request.  Further, the Army provided plaintiff with a <u>Vaughn</u> Index and agency declaration accounting for those responsive documents withheld and/or redacted pursuant to applicable FOIA exemptions.  <u>See</u> DEX 1.  While plaintiff has acknowledged receipt of the Army's response to his FOIA request, to date, he has failed to object to the Army's FOIA response and has instead decided to advance this litigation.[1]  Finally, and in the alternative, the

---

[1]  Plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case.  <u>See</u> Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988).  Plaintiff should further take notice that any factual assertions contained in the affidavits or other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendant's attachments.  <u>See</u> Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Army's motion for summary judgment should be granted because there is no genuine issue of material fact and the Army is entitled to summary judgment as a matter of law.

The Court should also dismiss "Colonel Robert Clinton Morris" as a defendant in this case since he is not a proper party defendant under the FOIA statute as only "agencies" within the executive branch of the federal government, and not individuals, are subject to the FOIA.

## II.  STANDARDS OF LAW

### A.  Motion to Dismiss

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules") should be granted if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Though the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations. Id.

### B.  Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995); Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984).  Where no genuine dispute exists as to any material fact, summary judgment is required.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

3

A genuine issue of material fact is one that could change the outcome of the litigation. Id. at 247.  "The burden on the moving party may be discharged by 'showing' - - that is, pointing out to the (Court) - - that there is an absence of evidence to support the non-moving party's case." Celotex, at 325.  Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus to avoid summary judgment, the plaintiff must state specific facts or present some objective evidence that would enable the court to find she is entitled to relief.  Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 322.

In an opinion issued the same day as Celotex, the Supreme Court attempted to explain the circumstances in which summary judgment is appropriate: "if the evidence is merely colorable . . . or is not sufficiently probative . . . summary judgment may be granted . . . (T)he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Anderson v. Liberty Lobby, Inc., 477 U.S. at 252; Cottle v. Storer Communication, Inc., 849 F.2d 570, 575 (11th Cir. 1988).

Unsupported speculation is not enough to defeat a summary judgment motion; the existence of specific material evidentiary facts must be shown.  Fed. R. Civ. P. 56(e) (the nonmoving party may not rest on mere allegations but "must come forward with 'specific facts showing there is a genuine issue for trial.'").  See also Hayes v. Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported allegations or denials); Johnson v. Digital Equip. Corp., 836 F.Supp. 14, 18 (D.D.C. 1993)

(evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); Batson v. Powell, 912 F.Supp. 565, 578 (D.D.C. 1996).

In Celotex, the Supreme Court further instructed that the "(s)ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327, quoting Fed. R. Civ. P. 1. "Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified." Evans v. United States Office of Personnel Management, 276 F. Supp.2d 34, 37 (D.D.C. 2003) citing Miscavige v. I.R.S., 2 F.3d 366, 369 (11th Cir. 1993). As such, the law favors resolution of FOIA cases by summary judgment. In Miscavige v. IRS, 2 F. 3d 366 (11th Cir. 1993), the Eleventh Circuit held that FOIA matters should be resolved on motions for summary judgment, and that the agency could meet its burden of proof by affidavit.

In the more common FOIA case wherein a plaintiff challenges the government's withholding of particular documents, a "Vaughn" Index" is presented by the government to identify the documents and justify their being withheld. A Vaughn Index facilitates judicial review of a requestor's challenge to an agency's decision to withhold information under FOIA. Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

The resolution of a FOIA case based solely on a Vaughn Index, or equivalent declarations, is recommended by this Court. Evans, 276 F. Supp.2d at 37 (citing Miscavige, 2 F.3d at 369, wherein the court stated that "[g]enerally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified."); see also

Cappabianca v. Commissioner, U.S. Customs Service, 847 F.Supp. 1558, 1561 (M.D. Fla. 1994)

(declining to conduct in camera review when presented with detailed factual affidavit).

The law's preference for summary judgment resolution of FOIA litigation is equally

applicable to the claim herein.

## III.  ARGUMENT

### A.  The Army Did Not Improperly Withhold Agency Records From Plaintiff.

In his complaint, plaintiff alleges that the Department of the Army has improperly

withheld records responsive to plaintiff's written FOIA request.  (See Pl. Comp., p. 3, ¶¶ 9-11).

Judicial authority to devise remedies and enjoin agencies can only be invoked, under the

jurisdiction grant conferred by § 552, if the agency has contravened all three components of this

obligation.  Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150

(1980).  If an agency has not improperly withheld records, a FOIA suit should be dismissed.

Kissinger, 445 U.S. at 139 ("When an agency has demonstrated that it has not "withheld"

requested records in violation of the standards established by Congress, the federal courts have

no authority to order the production of such records under the FOIA.").

In this case, on or about August 16-18, 2003, plaintiff submitted four separate FOIA

requests to USASOC (USASOC FOIA #03-81, 03-82, 03-83, 03-84) seeking several categories

of documents from the Army pertaining to personnel employed by or allegedly associated with

USASOC.  (See Pl. Comp., p. 3, ¶ 8; see also Exhibit B to Pl. Comp.).[2]  In September 2003, the

---

[2]  Plaintiff alleges that he mailed four identical FOIA requests to USASOC during June 2003, but the USASOC FOIA Officer, Ms. Wrench, indicated that neither she nor her office received these requests and did not learn of plaintiff's June 2003 FOIA requests until receipt of plaintiff's four August 2003 FOIA requests.  DEX 1, ¶¶ 5-6, 23, 30.  On October 14, 2003, Ms. Wrench also received four FOIA appeals from plaintiff on each of his four August FOIA requests.

USASOC FOIA Officer, Ms. Faye Wrench, began processing plaintiff's requests and completed

the processing by April 2004, which culminated in the Army's release of over two-hundred

pages of documents to plaintiff.  DEX 2.  In its response, the Army redacted and withheld some

email records, personnel records, and phone records pursuant to FOIA Exemptions (b)(3) and

(b)(6).[3]  The Army properly made such redactions and withholdings pursuant to federal statute[4],

Department of Defense ("DOD") policy[5], and Department of the Army ("DA") policy[6]

authorizing such treatment of these records.  The Army explained the rationale for its redactions

and withholdings in a very detailed declaration prepared by Ms. Wrench.  DEX 1.  Ms. Wrench's

---

[3]  The Army also asserted FOIA Exemptions (b)(2), (b)(4), and (b)(5).  For the purposes of this motion, however, defendants maintain that all redactions and withholdings were proper primarily under FOIA Exemptions (b)(3) and (b)(6) and pursuant to DOD and DA FOIA policy, as all of the documents redacted or withheld contained personally identifying information of USASOC personnel.  DEX 1, ¶¶ 16, 18, 22, 26, 28, 37, 39; DEX 1, Exhibits F-G, J, M-N, U-V, X-Y.

[4]  10 U.S.C.S. § 130b ("Personnel in overseas, sensitive, or routinely deployable units; nondisclosure of personally identifying information") prohibits the release of personally identifying information pertaining to members of a unit primarily involved in special activities or classified missions, including special operations units or those units designated as a "sensitive unit" by the Secretary of Defense.  DEX 1, Exhibit J.

[5]  On February 16, 2001, the Secretary of Defense's Director for Administration and Management, D.O. Cooke, issued a policy memorandum titled "Withholding Personal Information of DoD Personnel" authorized the withholding of names, ranks, duty addresses, official titles, pay information, email addresses and phone numbers of DoD personnel in sensitive units pursuant to 10 U.S.C. § 130b and FOIA Exemptions (b)(3) and (b)(6).  DEX 1, Exhibit J.  On September 21, 2001, D.O. Cooke, issued a second policy memorandum officially designating the United States Special Operations Command ("USSOCOM") as a "sensitive unit" as that term is defined in 10 U.S.C. § 130b.  Id.

[6]  On November 7, 2001, USSOCOM disseminated D.O. Cooke's policy guidance to its subordinate commands (including USASOC), via policy memorandum indicating that "[n]ames and personally identifying information of special operations personnel must be withheld from the public, in response to Freedom of Information Act (FOIA) requests.  This includes official email addresses and telephone numbers, in accordance with DOD policy."  Id.

declaration contained a <u>Vaughn</u> index, as requested by plaintiff,[7] detailing which documents were released, redacted, or withheld and provided a justification under the FOIA for each redaction and withholding.  DEX 1, ¶¶ 16, 18, 22, 26, 28, 37, 39; DEX 1, Exhibits F-G, M-N, U-V, X-Y.

To date, despite numerous attempts to telephonically contact plaintiff concerning the Army's document release, defendants have received no response and presume for the current litigation that plaintiff is satisfied with the Army's response to his four requests.[8]

Accordingly, plaintiff cannot show that the Army improperly withheld agency records in its possession and this Court should dismiss plaintiff's action for failure to state a claim upon which relief may be granted.

B.  <u>Plaintiff Has Failed To Exhaust His Administrative Remedies By Failing To Pay The Army's Fee Estimate With Respect To Two of Plaintiff's Four FOIA Requests</u>.

Plaintiff notified the Army in each of his four FOIA requests to "[p]lease notify us in writing if our [fee] waiver is turned down, and/or if the fees associated with this request exceed $100."  DEX 1, Exhibits A, K, P, Q.  On April 5, 2004, the Army notified plaintiff in writing that the documents responsive to two of his four FOIA requests (USASOC FOIA #03-83 and #03-84) were available, but that the cost of producing them exceeded the $100 plaintiff had agreed to

---

[7]  On December 3, 2003, contemporaneous with the filing of his complaint, plaintiff also prematurely moved the Court to instruct the Army to provide him with a <u>Vaughn</u> index.  <u>See</u> Pl. Mot. for Vaughn Index; <u>see also</u> <u>Twist v. Ashcroft</u>, 2002 U.S. Dist. LEXIS 4115 (March 11, 2002) (production of the <u>Vaughn</u> index prior to the summary judgment stage is premature).

[8]  Defendants called the same phone number that defendants' counsel used previously to successfully reach plaintiff during earlier months of the litigation.  Most recently, when defendant's counsel called plaintiff at the telephone number listed in plaintiff's pleadings, (646) 244-9535, a recording informed counsel that, "[a]t the subscriber's request, this phone does not accept incoming calls."

pay.  DEX 1, ¶ 38.  The Army provided plaintiff with a written fee estimate for the production of

these responsive documents.  DEX 1, Exhibit W.  Although plaintiff has received the Army's

written fee estimate, he has failed to respond to that estimate, warranting dismissal of his case

with respect to USASOC FOIA #03-83 AND #03-84 for failing to exhaust his administrative

remedies.

It is well established that under the FOIA, administrative remedies must be exhausted

prior to judicial review.  Pollack v. Dep't of Justice, 49 F.3d 115, 118 (4th Cir. 1995) ("[A]

requester may generally seek judicial review of his FOIA request only after he has exhausted all

administrative remedies."); McDonnell v. United States, 4 F.3d 1227, 1240-41 (3d Cir. 1993)

(same) (citing Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1985) (per

curiam) (same).  Indeed, when a FOIA plaintiff attempts to obtain judicial review without first

properly undertaking full and timely administrative exhaustion, the lawsuit is subject to ready

dismissal.  Judicial Watch, Inc. v. FBI, 190 F. Supp. 2d 29, 33 (D.D.C. 2002) (dismissing case

for failure to exhaust when plaintiff failed to pay fees).

The requester's exhaustion obligation may be excused if the agency fails to comply with

the FOIA's specific time limits.  See 5 U.S.C. § 552(a)(6)(C) (2004).  Thus, when an agency

does not respond to a perfected request within the twenty-day statutory time limit set forth in the

Act, the requester is deemed to have exhausted his administrative remedies and can seek

immediate judicial review, even though the requester has not filed an administrative appeal.  See,

e.g., Pollack, 49 F.3d at 118-19.

Regardless of whether the agency has met or exceeded its twenty-day time limit for the

processing of initial responses to a request, requesters are deemed not to have constructively

exhausted administrative remedies when they have failed to comply with necessary requirements

of the FOIA's administrative process, for example, when they have failed to comply with fee

requirements.  Trueblood v. United States Dep't of the Treasury, 943 F. Supp. 64, 68 (D.D.C.

1996) ("Regardless of whether the plaintiff 'filed' suit before or after receiving a request for

payment, the plaintiff has an obligation to pay for the reasonable copying and search fees

assessed by the defendant."); Kuchta v. Harris, No. 92-1121, 1993 WL 87750, at **3-4 (D. Md.

Mar. 25, 1993) (failure to pay fees halts administrative process and precludes exhaustion); Atkin

v. EEOC, No. 91-2508, slip op. at 21-22 (D.N.J. Dec. 4, 1992) ("[E]xhaustion does not occur

where the requester has failed to pay the assessed fees, even though the agency failed to timely

process a request."), appeal dismissed for failure to prosecute, No. 93-5548 (3d Cir. Dec 6,

1993).

        This Court does not have jurisdiction to hear plaintiff's case with respect to USASOC

FOIA #03-83 and #03-84 since plaintiff has failed to exhaust his administrative remedies.  While

it is undisputed that the Army failed to comply with the FOIA's statutory time limits,[9] on April

5, 2004, the Army sent a written response to plaintiff's four FOIA requests in the form of the

Declaration of Faye C. Wrench, which explained the location of the remaining documents

responsive to USASOC FOIA #03-83 and #03-84,[10] what it would take to search and retrieve

those documents,[11] and presented plaintiff with a written fee estimate in an attempt to complete

the processing of his FOIA request.  DEX 1, Exhibit W.

---

[9]  See DEX 1, ¶ 11.

[10]  See DEX 1, ¶ 36.

[11]  See DEX 1, ¶¶ 36, 38.

Since that time, plaintiff has failed to respond to the Army's fee estimate and defendants can now only conclude that plaintiff does not wish to further pursue release of the categories of phone records sought in USASOC FOIA #03-83 and #03-84.  If this is true, then defendants maintain that they have fully answered these two FOIA requests, thus rendering plaintiff's case moot with respect to these two requests.[12]  If this is not true, then defendants maintain that plaintiff has failed to exhaust his administrative remedies by failing to respond to or pay the Army's fee estimate warranting dismissal of plaintiff's case with respect to these two requests.

C.  <u>The Army Conducted A Reasonable Search</u>.

The FOIA imposes a duty upon agencies to conduct a "reasonable" search for responsive records.  <u>Oglesby v. United States Dep't of the Army</u>, 920 F.2d 57, 68 (D.C. Cir. 1990); <u>Weisberg v. United States Dep't of Justice</u>, 705 F.2d 1344, 1352 (D.C. Cir. 1983).  The adequacy of a search in this regard is to be judged not by whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.  <u>Weisberg</u>, 705 F.2d at 1351.  The reasonableness of the agency's search depends on the facts of each case.  <u>Meeropol v. Meese</u>, 790 F.2d 942, 952 (D.C. Cir. 1986) (search is not unreasonable simply because it fails to produce all relevant materials); <u>Marrera v. United States Dep't of Justice</u>, 622 F. Supp. 51, 54 (D.D.C. 1985) (no requirement that agency search every division or field office; only requirement is "good faith" effort, using methods "reasonably expected to produce the information requested").

---

[12]  Defendants note that while plaintiff could challenge the Army's assertion of FOIA Exemptions (b)(3) and (b)(6) as it applies to the 48 pages of documents already released to him in response to FOIA #03-83 and #03-84, he has not yet done so and in the absence of any objection by plaintiff, the Court can dismiss these FOIA requests under either a failure to exhaust and/or mootness theory since these two requests would no longer be in controversy.

In demonstrating the reasonableness of a search an agency may rely upon reasonably detailed, non-conclusory affidavits submitted in good faith.  Weisberg, 705 F.2d at 1352. "Affidavits that explain in reasonable detail the scope and methods of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the Freedom of Information Act."  Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982).  The reasonableness of a search is evaluated in light of the specificity of the request.  Nation Magazine, Washington Bureau v. United States Customs Serv., 71 F.3d 885, 889 (D.C. Cir. 1995).

Once an agency has provided adequate affidavits, the burden shifts back to the plaintiff to demonstrate a lack of a good faith search.  Miller v. United States Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985).  An adequate agency affidavit is accorded a presumption of good faith which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents.  Ground Saucer Watch, Inc. v. Central Intelligence Agency, 692 F.2d 770, 771 (D.C. Cir. 1982).  Therefore, if plaintiff fails to rebut the agency affidavits with evidence of bad faith, summary judgment is proper.  Miller, 779 F.2d at 1383.

Although plaintiff has not challenged the Army's search for records, in this case, the Army conducted a more than reasonable and adequate search for responsive records as evidenced by the attached declaration of Ms. Faye Wrench. DEX 1, ¶¶ 8-10, 14-18, 26-28, 32-37, 39.  Ms. Wrench's declaration demonstrates that in this case, following standard search procedures, she properly tasked out the search for responsive documents to the offices within USASOC where responsive documents would most likely be located.  Id. at ¶ 10.  In doing so, she tasked the Public Affairs, Protocol, and the U.S. Army Special Forces Command (Airborne) offices to conduct a search for responsive documents.  Id.  These taskings led Ms. Wrench to other offices within and outside USASOC with potentially responsive documents (such as the G-

12

6 Systems and Network Management Division, the Plans and Integration Division, the XVIII

Airborne Corps FOIA Office and Information Technology Business Center). Id. at ¶ 14-15, 34-

36.

Ms. Wrench received responsive documents from the Public Affairs office, Id. at ¶¶ 16,

18, 26; several "no records" certifications from the Protocol office, Id. at ¶¶ 17, 27, 33;

responsive documents from the U.S. Army Special Forces Command, Id. at ¶¶ 18, 28; and

responsive documents from the XVIII Airborne Corps Information Technology Business Center,

Id. at ¶¶ 34-37, 39.

Since the agency conducted a reasonable, good faith, and adequate search for all

potentially responsive records, as evidenced by the detailed, non-conclusory affidavit submitted

by defendants, absent allegations and proof of agency bad faith in conducting its search,

defendants are entitled to summary judgment in this case.

D.  The Court Should Dismiss The Individually Named Defendant In This Case As He Is
Not a Proper Not Party Under FOIA.

Only federal departments and agencies within the executive branch, and not individuals,

are proper party defendants in FOIA litigation.  5 U.S.C. § 552(a)(4)(B).  This rule derives from

the plain language of the Act, which vests the district courts with jurisdiction to enjoin the

"agency" from withholding records.  Further, the head of an agency or other agency officials or

employees who are sued in their official capacities are not proper party defendants under the

FOIA.  Stone v. Def. Investigative Serv., 816 F. Supp. 782, 785 (D.D.C. 1993), appeal dismissed

for failure to prosecute, No. 93-5170 (D.C. Cir. Mar. 11, 1994)

Plaintiff's complaint names Colonel Robert Clinton Morris as a co-defendant in this case.

See Pl. Comp. at p. 1.  Colonel Morris, both in his individual capacity as a private citizen as well

13

as an employee of the Department of the Army, is not a proper party under FOIA and should be dismissed from this action.

## IV.  CONCLUSION

For the foregoing reasons, defendant respectfully moves this Honorable Court to dismiss plaintiff's complaint, or alternatively grant defendant's motion to dismiss or in the alternative motion for summary judgment.

Respectfully submitted,


_____
ROSCOE C. HOWARD, JR.,
D.C. Bar #246470
United States Attorney


_____
MARK E. NAGLE, D.C. Bar # 416364
Assistant U.S. Attorney



_____
CLAES H. LEWENHAUPT
Special Assistant U.S. Attorney
Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
(202) 353-9895

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PBN NEWS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. Civ-1:03CV02494 (RJL) |
| | ) | |
| DEPARTMENT OF DEFENSE | ) | |
| et al. | ) | |
| | ) | |
| Defendants | ) | |

## STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE DISPUTE

A.  On or about September 2, 2003, the United States Army Special Operations Command ("USASOC") FOIA Officer, Ms. Faye C. Wrench, received four FOIA requests from pro se plaintiff, Mr. Ed Caraballo, of Point Blank News ("PBN").  DEX 1, ¶¶ 5, 23, 30.

B.  Ms. Wrench gave each of the four FOIA requests the following case numbers: #03-81, #03-82, #03-83, #03-84.  Id.

C.  Because the USASOC receives numerous, voluminous, and complex FOIA requests, Ms. Wrench typically process requests using a "first-in, first-out" method, while also distinguishing between those FOIA requests that are straightforward or difficult and those which are from media and non-media organizations.  Id. at ¶ 8.

D.  After reviewing plaintiff's four FOIA requests, Ms. Wrench determined that it would take a considerable amount of time to answer plaintiff's requests but didn't know at that time the amount of time and work that would be involved in order to estimate a completion date.  Id. at ¶ 9.

E.  On September 10, 2003, Ms. Wrench tasked the four FOIA requests to the offices within the USASOC where records were likely to be located.  Id. at ¶ 10.

F.  FOIA request #03-81 sought two categories of records generated from November 1,

2001 to the present: (1) USASOC email traffic concerning any of 45 named individuals listed in plaintiff's FOIA request; or (2) Email traffic among or between eight named individuals/entities listed in plaintiff's FOIA request.  Id. at ¶ 7.

G.   While the Army's interim response to plaintiff became due in September 2003, Ms. Wrench did not send plaintiff a written response because she did not know the amount of time and work that would be involved in order to provide a meaningful response.  Id. at ¶ 11.

H.   During the time Ms. Wrench received plaintiff's FOIA requests, she was the only FOIA officer on the USASOC staff and was heavily engaged in a number of other complex FOIA requests.  Id. at ¶¶ 11-13.

I.   In processing plaintiff's four FOIA requests, Ms. Wrench consulted the United States Special Operations Command's policy memorandum, dated November 7, 2001, which authorizes the application of Exemptions (b)(3) and (b)(6) to plaintiff's FOIA requests since the Office of the Secretary of Defense has designated Headquarters, U.S. Special Operations Command, its components' headquarters, and theater special operations commands as "sensitive units" as defined by 10 U.S.C. § 130b.  Id. at ¶ 19; Id. at Exhibit J.

J.   10 U.S.C. § 130b precludes release of personally identifying information of personnel in units that are sensitive, routinely deployable, or overseas.  Additionally, it applies to all military personnel while they are assigned to the commands/units stated above.  The policy states that names and personally identifying information of special operations personnel must be withheld from the public, in response to FOIA requests.  This includes official email addresses and telephone numbers in accordance with related DOD policy.  Id. at Exhibit J.

K.   On September 15, 2003, the USASOC Public Affairs Office ("PAO"), responded to Ms. Wrench's #03-81 search request by stating that PAO "does not have access to the mail

2

servers or back-up files to perform the e-mail search of mails to and from the two pages of names listed in this request" and that the scope of plaintiff's requests is for records maintained by the USASOC G-6 Officer (Systems and Network Management Division) and not at the individual directorates.  Id. at ¶ 14.

L.  On September 15, 2003, Ms. Wrench spoke to the USASOC Operations Manager in Systems and Network Management who advised her that they only kept backup email records for 30 days from the date the account holder generates or receives their email.  Further, the Operations Manager informed her that emails can remain on the individual account holders' system longer; i.e., until the individual deletes the email.  Id. at ¶ 15.

M.  In response to her search request, members of the USASOC PAO provided Ms. Wrench "no-record" certifications and several hundred pages of emails and documents responsive to plaintiff's request #03-81.  Id. at ¶¶ 16-18.

N.  Based on her review of these documents and in accordance with Department of Defense and Department of the Army FOIA policies, Ms. Wrench determined that the redaction and withholding of information was required prior to their release in accordance with 5 U.S.C. §§552(b)(2), (b)(3), (b)(4), (b)(5) and (b)(6).  Id. at ¶¶ 16, 18.

O.  These redacted emails/documents are described in Ms. Wrench's declaration and Vaughn Index at Exhibits F and G, and were released to plaintiff by the Army on April 5, 2004. Id. at ¶¶ 16, 18; DEX 2.

P.  In her declaration, Ms. Wrench explained that with respect to plaintiff's request for email records, the Army's responds that: (1)  USASOC is not the custodian of records for emails sent between any persons or entities other than USASOC's current employees; and (2) for those emails still on file belonging to current USASOC members and located during the various

searches discussed above, the same are properly redacted and released or otherwise withheld pursuant to the FOIA exemptions set forth at 5 U.S.C. §§ 552(b)(2), (b)(3), (b)(4), (b)(5) and (b)(6).  DEX 1,  ¶ 22.

Q.  USASOC FOIA case #03-82 requested three categories of information.  It broadly sought FOIA information "regarding or in reference to" eight listed individuals, five of whom were listed as USASOC members: Major Gary Kolb, Major Robert Gowan, Major Scott Stearns, Brian Sutton, and Major Kathleen Culp, and other names unrecognizable to Ms. Wrench.  Id. at ¶ 24.

R.  On or about September 10, 2003, Ms. Wrench learned that Major Scott Stearns had retired; Mr. Brian Sutton was in Korea; and Major Gary M. Kolb had left the command and was attending the University of North Carolina Army/Civilian School.  Id. at ¶ 7.

S.  Request No. 1 of FOIA #03-82 sought all releasable personnel files and employment information on named USASOC personnel to include complaints and reprimands in their personnel files and any other releasable documents relating to:  Major Gary M. Kolb, Major Rob Gowan, Major Kathleen Culp and CW5 Larry Plesser.  Request No. 2 sought copies of all documents faxed, mailed, or emailed from, or to, or in possession of Major Gary Kolb, Major Rob Gowan, Major Kathleen Culp, and/or the USASOC Public Affairs Offices which pertain to or mention Robin L. Moore, Keith Idema, Edward Artis, Joseph Cafasso, Robert C. Morris, FOX News, or any employee thereof, al-Qaida terrorist training tapes, and the Random House book, The Hunt for Bin Laden.  Request No. 3 sought all documents, faxes, emails, or other records pertaining to J. Keith Idema, Jonathan Idema, Jack Keith Idema, or Jack Idema or the Random House book The Hunt for Bin Laden.  Id. at ¶ 25.

4

T.  Ms. Wrench determined that some the documents provided in response to FOIA case #03-81 were also responsive to FOIA case #03-82 and subject to the same redactions pursuant to 5 U.S.C. §§552(b)(2), (b)(3), (b)(4), (b)(5) and (b)(6).  Id. at ¶ 26.

U.  These redacted emails/documents are described in Ms. Wrench's declaration and Vaughn Index at Exhibits F and G, and were released to plaintiff on April 5, 2004.  Id.; DEX 2.

V.  Ms. Wrench further determined that all responsive information pertaining to MAJ Gowan and CW5 Larry Plesser's personnel files should be withheld under 5 U.S.C. §§ 552(b)(3) and (b)(6) and individually listed those documents at Exhibit N to her declaration.  DEX 1, ¶ 28.

W.  Based on her search for records, Ms. Wrench did not locate any additional documents directly responsive to Request No. 3 of FOIA request #03-82.  Id. at ¶ 29.

X.  USASOC FOIA request #03-83 sought information regarding long distance/toll phone calls of MAJ Kolb, Major Gowan, Major Stearns, Brian Sutton, and Major Culp that were connected to 18 different phone numbers and area codes / prefixes beginning with 212, 312, or 706.  Id. at ¶ 30.

Y.  USASOC FOIA case #03-84 is a similar request for telephone records connected to the same 18 telephone numbers and area codes in #03-83 and pertaining to Chief Warrant Officer Five Larry Plesser.  Id. at ¶ 31.

Z.  In processing cases #03-83 and #03-84, Ms. Wrench identified the individual telephone numbers for four of the five persons listed in the plaintiff's requests and sought to connect them to the 18 telephone numbers and three area codes listed in the request.  Id. at ¶ 32.

AA.  Ms. Wrench could not locate MAJ Scott Stearns' name or telephone number.  Id.

BB.   On January 14, 2004, Ms. Wrench made formal requests to the XVIII Airborne Corps FOIA Office, for copies of all phone records on long distance telephone calls for FOIAs #03-83 and #03-84.  Id. at ¶ 35.

CC.  Mr. Van Sutton, Chief, Business Division, Information Technology Business Center, XVIII Airborne Corps and Fort Bragg, contacted Ms. Wrench concerning FOIA requests #03-83 and #03-84 and confirmed that he is able to access the telephone databases for the USASOC and the Fort Bragg installation.  Id.

DD.  Mr. Sutton informed Ms. Wrench that: (1) the responsive records for the individual telephone numbers requested by plaintiff could be separately retrieved only if they were made after October 30, 2002; (2) Fort Bragg does not track incoming calls in its billing databases; and (3) telephone records predating October 30, 2002 are archived in a general database for the entire installation.  Id. at ¶ 36.

EE.   Ms. Wrench retrieved the available individual phone records for outgoing long distance calls made after September 1, 2002 from telephone numbers assigned to Major Kolb, Major Gowan, Brian Sutton, and Major Culp.  Id. at ¶ 37.

FF.   These records are described in Ms. Wrench's declaration and Vaughn Index at Exhibits U and V, comprise 44 pages and were released to Mr. Caraballo on April 5, 2004, with the USASOC telephone numbers and the numbers called redacted pursuant to 5 U.S.C. 552(b)(2), (b)(3) and (b)(6).  Id.; DEX 1, Exhibits U and V; DEX 2.

GG.  Generally, phone records predating October 30, 2002 cannot be individually located and the task of segregating individual records prior to this date requires culling these records from the entire installation telephone database.  DEX 1,  ¶ 38.

HH.  Ms. Wrench has not attempted to locate these records because the cost and time involved in doing so is extremely great, but Ms. Wrench has compiled a cost estimate to perform this records review in the amount of $128,435.00.  Id.; Id. at Exhibit W.

I.  Ms. Wrench was able to locate three pages of documents responsive to FOIA request #03-84, which are described in Ms. Wrench's declaration and Vaughn Index at Exhibits X and Y, and released by the Army to plaintiff on April 5, 2004 with the USASOC phone numbers and the phone numbers called redacted pursuant to 5 U.S.C. §§ 552 (b)(2), (b)(3), and (b)(6).  Id. at ¶ 39; DEX 1, Exhibits X and Y; DEX 2.

JJ.  Any additional documents responsive to FOIA request #03-84 that were created before October 30, 2002 is, as described above, located in the Fort Bragg installation archived database.  Id. at ¶ 39.

LL.  Plaintiff notified the Army in his four FOIA requests to "[p]lease notify us in writing if our waiver is turned down, and/or if the fees associated with this request exceed $100."  Id. at Exhibits A, K, P, Q.

MM.  On April 5, 2004, the Army notified plaintiff in writing that the costs to obtain the documents responsive to FOIA requests #03-83 and #03-84 seeking phone records, exceeded the $100 that he was willing to pay.  The Army also provided plaintiff with a written fee estimate to obtain these documents.  Id. at ¶ 38; Id. at Exhibit W.

Respectfully submitted,

_____
ROSCOE C. HOWARD, JR.,
D.C. Bar #246470
United States Attorney

7

_____
MARK E. NAGLE, D.C. Bar # 416364
Assistant U.S. Attorney


_____
CLAES H. LEWENHAUPT
Special Assistant U.S. Attorney
Civil Division
555 Fourth Street, NW
Washington, D.C. 20530
(202) 353-9895

8

## CERTIFICATE OF SERVICE

I certify that on May 28, 2004, I served Defendants' Motion to Dismiss or Alternatively for Summary Judgment by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

Mr. Ed Caraballo
PBN News
P.O. Box 22
Fayetteville, NC 28302-0022

*Pro se*

_____
CLAES H. LEWENHAUPT
Special Assistant United States Attorney
Judiciary Center Building, Room 10-413
555 4th Street, N.W.
Washington, D.C.  20001
(202) 353-9895

9