## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PBN NEWS** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **No. Civ-1:03CV02494 (RJL)** |
| | **)** | |
| **DEPARTMENT OF DEFENSE** | **)** | |
| **et al.** | **)** | |
| | **)** | |
| **Defendants** | **)** | |

### DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Come now defendants, through undersigned counsel, pursuant to Fed. R. Civ. Pro.

41(b) and LCvR 7(b), to request this Court dismiss plaintiff's complaint with prejudice for

failure to respond to defendants' motion to dismiss filed May 28, 2004, or to otherwise

prosecute his claim.  A memorandum in support of this motion, the Declaration of Colonel

Scott L. Kilgore, Staff Judge Advocate for the U.S. Army Special Operations Command,

Fort Bragg, North Carolina and other supporting documents are attached in support of this

motion.

Respectfully submitted,

_____/S/_____
KENNETH L.  WAINSTEIN., D.C.  Bar #451058
United States Attorney

_____/S/_____
R.  CRAIG  LAWRENCE, D.C.  Bar #171538
Assistant United States Attorney

_____/S/_____
GARY P.  CORN
Special Assistant U.S.  Attorney

555 Fourth Street, N.W., 10th Floor
Washington, D.C.  20530
(202) 353-9895

Of Counsel:

MAJOR SAMUEL MORRIS
U.S.  Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia  22203-1837

Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PBN NEWS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. Civ-1:03CV02494(RJL) |
| | ) | |
| DEPARTMENT OF DEFENSE | ) | |
| et al. | ) | |
| | ) | |
| Defendants | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR
FAILURE TO PROSECUTE

I.  INTRODUCTION

Plaintiff, a pro se complainant, brought suit requesting injunctive relief pursuant to the

Freedom of Information Act, 5 U.S.C. 552 et seq., requesting this Court to order the production

of agency records which plaintiff alleges defendants improperly withheld from him pursuant to

his four written FOIA requests.  The Army responded to plaintiff's four FOIA requests and

produced over two-hundred pages of responsive documents.  The Army redacted and withheld

some documents from release pursuant to several applicable FOIA exemptions and provided

plaintiff with an agency declaration and Vaughn Index accounting for the same.  Despite

numerous attempts to contact plaintiff and assess plaintiff's satisfaction with the Army's FOIA

response, counsel for defendants have been unable to reach him telephonically for comment.

Accordingly, defendants filed a  motion to dismiss plaintiff's complaint, or in the alternative for

summary judgment, on May 28, 2004.

Pursuant to LCvR 7(b), plaintiff's opposition to defendants' motion was due for filing on

or about June 11, 2004.  To date, plaintiff has not filed a response to defendants' motion and

2

defendants have been unable to contact him.  On or about July 17, 2004, defendants learned that plaintiff was, and remains, incarcerated in Afghanistan pending criminal charges filed by the government of Afghanistan for allegedly falsely imprisoning and torturing Afghan citizens.

## II.  FACTS

Defendants respectfully refer the Court to their statement of facts filed as part of their motion to dismiss and for summary judgment, and add the following:

Sometime in April, 2004, pro se plaintiff Edward Caraballo[1] left the United States and went to Afghanistan.  Def. Ex. 1.  On July 5, 2004, the same Mr. Caraballo was arrested in Afghanistan along with two other U.S. citizens, on suspicion of operating an illegal jail in Kabul. Def. Ex. 2; Def. Ex. 4 (Kilgore Decl., ¶ 3).  All three men have been charged by Afghan authorities with robbing, beating, and torturing detained Afghan citizens.  Id.  Mr. Caraballo is presently pending trial on these criminal charges in Afghanistan.  Def. Ex. 3.

## III.  ARGUMENT

Rule 7(b) of the local rules of this Court provides that failure to timely file an opposition to a motion may result in the Court treating said motion as conceded.  LcvR 7(b).  Rule 41 of the Federal Rules further recognizes litigants' obligation to diligently prosecute their cases, providing that a court may dismiss an action for failure of the plaintiff to prosecute his claim or to comply with the Rules of Civil Procedure or any order of the court.  Fed. R. Civ. P 41(b). Such dismissals are reviewed for abuse of discretion. See Bristol Petroleum Corp. v. Harris, 901 F.2d 165, 167 (D.C. Cir. 1990).  The harsh sanction of dismissal for failure to prosecute is ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs, after

---

[1]  Although this case was filed *sub nomine* PBN News, the complaint was filed pro se by Mr. Caraballo.  Dkt. 1.

"less dire alternatives" have been tried without success.  See Trakas v. Quality Brands, Inc., 759 F.2d 185, 186-87 (D.C. Cir. 1985); see also Bristol Petroleum, 901 F.2d at 167.

In their motion to dismiss, defendants properly informed plaintiff of the potential consequences of failing to respond to the dispositive motion; that the district court could grant the motion and dismiss the case.  Dkt. 9 at 2 n.1 (citing Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988)).  Despite absenting himself from the United States for an obviously indeterminate amount of time, plaintiff made no arrangements for alternate representation or means of service of process.   His only address of record in this case is a post office box in Fayetteville, North Carolina.  It is clear from these facts that Mr. Caraballo has abandoned his complaint without properly notifying defendants or this Court.

Given his current location and status, there is little reason to believe he will respond to defendants' pending motion or otherwise resume the prosecution of his claim.  Less dire alternatives are unlikely to be effective.  It is within the Court's discretion to dismiss plaintiff's complaint and defendants, who have already provided voluminous records to plaintiff in an effort to comply with the FOIA, urge the Court to do so.

## IV.  CONCLUSION

For the foregoing reasons, defendants respectfully move this Honorable Court to dismiss plaintiff's complaint with prejudice.

Respectfully submitted,


_____/S/_____
KENNETH L.  WAINSTEIN., D.C.  Bar #451058
United States Attorney

_____/S/_____
R.  CRAIG  LAWRENCE, D.C.  Bar #171538
Assistant United States Attorney


_____/S/_____
GARY P.  CORN
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 353-9895

Of Counsel:

MAJOR SAMUEL MORRIS
U.S.  Army Legal Services Agency
901 North Stuart Street
Arlington, Virginia  22203-1837

Attorneys for Defendants

5

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 18, 2004, I served Defendants' Motion to Dismiss for Failure to Prosecute upon Plaintiff by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

Mr. Ed Caraballo
PBN News
P.O. Box 22
Fayetteville, NC 28302-0022

*Pro se*

_____/S/_____
GARY P. CORN
Special Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-9895